1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   REBECCA A. HULL  Bar No. 99802
2  rebecca.hull@sdma.com
   ERIN A. CORNELL  Bar No. 227135
3  erin.cornell@sdma.com
   One Market Plaza
4  Steuart Tower, 8th Floor
   San Francisco, CA  94105-1008
5  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
6
   Attorneys for Plaintiff
7  Metropolitan Life Insurance Company

8  RICHARD B. ABRAMSON  Bar No. 40637
   rba@redshift.com
9  44 West Alisal Street
   Salinas, California 93901
10 Telephone:  (831) 424-9320
   Facsimile: (831) 422-2565
11
   Attorney for Defendants
12 Elizabeth Bro, Jean Jones, Mary Cunningham,
   and Teresa Knight
13
   CARRIE R. ZUNICH
14 Zunrose1@aol.com
   P.O. Box 636
15 Nucla, Colorado 81424
   Telephone:  (970) 864-7772
16
   Defendant, in *Pro Se*
17

18                  UNITED STATES DISTRICT COURT

19                 NORTHERN DISTRICT OF CALIFORNIA

20

21 METROPOLITAN LIFE INSURANCE              Case No. CV 10-1312 MEJ
   COMPANY,
22                                          **STIPULATION AND [PROPOSED]**
                  Plaintiff,                **ORDER TO DEPOSIT FUNDS WITH**
23                                          **COURT**
       v.
24                                          [FED.R.CIV.P. 67]
   ELIZABETH BRO; JEAN JONES; MARY
25 CUNNINGHAM; TERESA KNIGHT; and
   CARRIE ZUNICH,
26
                  Defendants.
27

28

SF/1720603v1

STPULATION AND [PROPOSED] ORDER TO DEPOSIT FUNDS WITH COURT

The parties hereby submit the following Stipulation and Proposed Order to deposit funds with the Court into an interest bearing account, pursuant to Federal Rule of Civil Procedure 67:

Whereas, plaintiff Metropolitan Life Insurance Company ("MetLife") issued a group life insurance policy to Pacific Gas and Electric Company ("PG&E"), covering eligible employees and to fund the Pacific Gas and Electric Company Employee Welfare Plan ("the Plan"), an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1001, et seq.

Whereas, at all relevant times the Plan afforded coverage to eligible employees of PG&E, including Orlen Jackson Moore ("the Decedent");

Whereas, on or about July 22, 2009, the Decedent died and, at the date of his death, he was a participant in the Plan, as a result of which the life insurance benefits in the total amount of $39,000 plus any applicable interest, became payable under the terms of the Plan (hereinafter "the Plan Benefits");

Whereas, defendants Elizabeth Bro, Jean Jones, Mary Cunningham, and Teresa Knight on the one hand, and defendant Carrie Zunich on the other hand, have competing claims for the Plan Benefits;

Whereas, MetLife is unable to determine the proper beneficiary or beneficiaries, and therefore has not paid the life insurance benefits to any of the defendants;

Whereas, as a result of these competing claims, MetLife filed a Complaint in Interpleader on March 29, 2010, to determine the lawful distribution of the Plan Benefits;

NOW, THEREFORE, plaintiff MetLife; defendants Elizabeth Bro, Jean, Jones, Mary Cunningham, and Teresa Knight, through their counsel of record herein; and defendant Carrie Zunich, in *pro se*; hereby stipulate and respectfully request the Court to order that MetLife may deposit the Plan Benefits, as to which defendants Elizabeth Bro, Jean Jones, Mary Cunningham, and Teresa Knight on the one hand, and defendant Carrie Zunich on the other hand, have conflicting claims, with the Court;

It is additionally stipulated that, once the Plan Benefits have been deposited, MetLife, the Plan, and PG&E, shall be discharged from this action for all liability for the Plan Benefits

1  payable as a consequence of the death of the Decedent and dismissed with prejudice, with
2  MetLife to bear its own attorneys' fees and costs;
3     It is further stipulated that each of the defendants shall be restrained and enjoined from
4  instituting or prosecuting, directly or indirectly, any claim or action of any type or kind in any
5  state or federal court against MetLife, the Plan and/or PG&E, arising from or in any manner
6  connected with the Plan Benefits and/or their respective claims for payment of some or all of
7  such Plan Benefits.

8  DATED: September 20, 2010     SEDGWICK, DETERT, MORAN & ARNOLD LLP

10                 By: _____
                   Rebecca A. Hull
11                 Erin A. Cornell
                   Attorneys for Plaintiff
12                 Metropolitan Life Insurance Company

13 DATED: September 19, 2010

15                 By: _____
                   Richard Abramson
16                 Attorney for Defendants
                   Elizabeth Bro, Jean Jones, Mary Cunningham, and Teresa
17                 Knight

18 DATED: September __, 2010

20                 By: _____
                   Carrie R. Zunich
21                 Defendant, in *Pro Se*

1  payable as a consequence of the death of the Decedent and dismissed with prejudice, with
2  MetLife to bear its own attorneys' fees and costs;
3      It is further stipulated that each of the defendants shall be restrained and enjoined from
4  instituting or prosecuting, directly or indirectly, any claim or action of any type or kind in any
5  state or federal court against MetLife, the Plan and/or PG&E, arising from or in any manner
6  connected with the Plan Benefits and/or their respective claims for payment of some or all of
7  such Plan Benefits.

8  DATED: September __, 2010    SEDGWICK, DETERT, MORAN & ARNOLD LLP

10                                 By: _____
11                                     Rebecca A. Hull
                                       Erin A. Cornell
                                       Attorneys for Plaintiff
12                                     Metropolitan Life Insurance Company

13  DATED: September __, 2010

15                                 By: _____
16                                     Richard Abramson
                                       Attorney for Defendants
                                       Elizabeth Bro, Jean Jones, Mary Cunningham, and Teresa
17                                     Knight

18  DATED: September __, 2010

20                                 By: /s/ Carrie R Zunich
                                       Carrie R. Zunich
21                                     Defendant, in *Pro Se*

SF/1720603v1

3
STIPULATION AND [PROPOSED] ORDER TO DEPOSIT FUNDS WITH THE COURT

**ORDER**

Pursuant to the Stipulation above and Federal Rule of Civil Procedure 67, IT IS ORDERED that:

1. Plaintiff Metropolitan Life Insurance Company shall deposit $39,000 in life insurance benefits payable under the Pacific Gas and Electric Company Employee Welfare Plan ("Plan") with this Court into an interest bearing account. Metropolitan Life Insurance Company shall deposit said funds within 30 days of receipt of a copy of this Order signed by a Judge of the District Court for the United States District Court for the Northern District of California.

2. Upon deposit of the $39,000 plus any applicable interest ("Plan Benefits") with the Court, plaintiff Metropolitan Life Insurance Company, Pacific Gas and Electric Company, and the Pacific Gas and Electric Company Employee Welfare Benefit Plan shall be discharged from this action for the Plan Benefits payable as a consequence of the death of Orlen Jackson Moore and dismissed with prejudice, with MetLife to bear its own attorneys' fees and costs.

3. Each of the defendants is hereby restrained and enjoined from instituting or prosecuting, directly or indirectly, any claim or action of any type or kind in any state or federal court against Metropolitan Life Insurance Company, Pacific Gas and Electric Company, and/or the Pacific Gas and Electric Company Employee Welfare Benefit Plan, with regard to any matter regarding the Plan, the Plan Benefits, and/or their respective claims for payment of some or all of such Plan Benefits.

IT IS SO ORDERED.

DATED: September 21, 2010

_____
Honorable Maria Elena James
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On September 20, 2010, I served the within document(s):

**STIPULATION AND [PROPOSED] ORDER TO DEPOSIT FUNDS WITH COURT**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

Carrie R. Zunich
P.O. Box 636
Nucla, Colorado  81424

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 20, 2010, at San Francisco, California.

_____
Elizabeth S. Verano