UNITED STATES DISTRICT COURT

Northern District of California

METROPOLITAN LIFE INS. COMPANY,

            Plaintiff,

   v.

ELIZABETH BRO, JEAN JONES, MARY CUNNINGHAM, TERESA KNIGHT, and CARRIE ZUNICH

            Defendants.
_____/

No. C 10-01312 MEJ

**ORDER RE: MOTION TO CHANGE VENUE (DKT. #16)**

## I. INTRODUCTION

Before the Court is Defendant Carrie Zunich's motion for a change of venue. (Dkt. #16.) Based on the parties' papers, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II. BACKGROUND

Plaintiff Metropolitan Life Insurance Company ("MetLife") instituted this action by filing a Complaint in Interpleader on March 29, 2010. (Dkt. #1.) MetLife filed the case because Defendants Elizabeth Bro, Jean Jones, Mary Cunningham, and Teresa Knight have interests adverse to Defendant Zunich in that they are all claiming entitlement to life insurance benefits held by MetLife. (Compl. ¶ 1.) The benefits in question are proceeds of Orlen Jackson Moore's life insurance policy. (Compl. ¶¶ 4, 9-13.) Moore was the biological father of Bro, Jones, Cunningham and Knight, and the stepfather of Zunich. (Compl. ¶¶ 4-8.) When he died on July 22, 2009, Moore was enrolled in a benefit plan ("the Plan") for life insurance coverage, for which MetLife is the provider, in the amount of $39,000 ("the proceeds"). (Compl. ¶¶ 4, 15, 16, 19, 20, Ex. D.)

The Plan's Summary Plan Description ("SPD") provides that enrollees must designate their

beneficiaries in writing on a form approved by the Plan, which must be filed with the Plan, and that enrollees can change beneficiaries at any time by submitting a change of beneficiary form. (Compl. ¶ 12, Ex. A.) The SPD further provides that if there is no beneficiary of record upon the death of an enrollee, that any benefits payable will be divided and paid in equal shares to an enrollee's surviving spouse, children, parents, then brother or sister, in that order. *Id.*

When Moore died, the beneficiary designation form on file with MetLife named his wife, Bessie Lee Moore, as the sole beneficiary. (Compl. ¶ 13, Ex. B.) However, Bessie Lee Moore predeceased Moore on April 28, 2009. (Compl. ¶ 13, Ex. C.) On May 11, 2009, Zunich provided MetLife with a letter allegedly signed by Moore in which he seeks to change the beneficiary on his life insurance plan to Zunich and asks MetLife to send him the necessary forms as soon as possible. (Compl. ¶ 17, Ex. E.) Following Moore's death, each named Defendant filed a statement of claim with MetLife for Moore's benefits. (Compl. ¶¶ 21-26, Exs. F-K.)

In its complaint, MetLife states that it filed suit because it could not determine whether a court would find that the May 11, 2009 letter which seeks to change Moore's beneficiary substantially complied with the SPD. (Compl ¶ 27.) MetLife avers that if a court were to determine that the May 11 letter was in substantial compliance with the SPD, that Zunich would be entitled to the proceeds, but if the letter was not in substantial compliance, then Bro, Jones, Cunningham, and Knight would be entitled to equal shares of the proceeds. (Compl. ¶¶ 28, 29.) MetLife advised all Defendants of this by letter on October 22, 2009. (Compl ¶ 30, Ex. L.) On October 14, 2010, MetLife deposited the proceeds with the Clerk of the Court and the Court dismissed MetLife with prejudice from the action. (Dkt. #35.)

On September 2, 2010, Zunich, appearing in pro per, filed what purports to be a motion for change of venue, seeking a venue change to Montrose County, Colorado. (Dkt. #16.) On September 29, 2010, Bro, Jones, Cunningham and Knight ("opposing Defendants"), who are represented by counsel, filed an opposition, (Dkt. #24), and Zunich filed a reply on October 7, 2010 (Dkt. 29). MetLife also filed a response, in which it indicates that it has no position on Zunich's motion to transfer venue. (Dkt. #25.)

### III. DISCUSSION

In its complaint, MetLife states that venue is proper in this Court under 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1397, and 28 U.S.C. § 1391(b) because a defendant resides in the Northern District of California and a substantial part of the events giving rise to the instant action occurred in the Northern District. (Compl. ¶ 2.) In her motion[1], Zunich seeks a venue change to Montrose County, Colorado. (Dkt. #16.) She argues that a change of venue is proper for the following reasons: (1) Montrose County is where Moore and Bessie Lee Moore lived and died; (2) Colorado is where the trustees of the Moore Family Trust, Bro and Richard Lee Anderson (Zunich's brother and Bessie Lee Moore's son), met and carried out disbursement of the trust; (3) Zunich is unable to pay for an attorney and cannot afford to appear in court in person; and (4) Zunich and her husband are foster parents to five children between the ages of 5 and 17 who require child care to be administered by a licensed care-giver, which would cost $165 per day. (Dkt. ##16, 31.)

In response, opposing Defendants argue that Zunich gives no facts as to why she cannot pay for an attorney, and that Zunich and her brother, Anderson, have already hired two attorneys to advise them on this matter. (Defs.' Opp'n 2:18-23, Dkt. #24.) Opposing Defendants state that three of them reside in California and one lives in Washington, and that it would be an inconvenience if venue were transferred to Colorado. (*Id.* at 2:23-25; Bro Affidavit, ¶¶ 3-7, Dkt. #24-1.) Opposing Defendants argue that if Zunich cannot afford an attorney and cannot afford to appear in court in person, then it will not matter if venue is changed to Colorado. (Defs.' Opp'n 3:2-6, Dkt. #24.) Opposing Defendants contend that a venue change to Colorado would cause them great inconvenience as they would have to obtain new counsel. *Id.* at 3:22-26. Opposing Defendants point out that the Federal District Court in Colorado is located in Denver, which is hundreds of miles

---

[1] Zunich did not file a motion, notice of motion, or a declaration, but did file a document titled "Change of Venue Statement." (Dkt. #16.) Opposing Defendants ask the Court to strike this document and deny Zunich's motion because it was not filed in compliance with Civil Local Rule 7-2(d). (Defs.' Opp'n 2:6-11, Dkt. #24.) The Court notes that Zunich's motion also fails to comply with Civil Local Rule 7-2(b) and (c). However, as Zunich appears in pro per, the Court will decide her motion on the merits, rather than striking or denying it outright. However, going forward, Zunich is admonished to comply with all court rules.

from Montrose County. *Id.* at 4:2-5.  Finally, opposing Defendants contend that venue is proper in the Northern District of California because Moore worked at PG&E in California when the group life insurance policy that is the subject of this litigation was issued to him.  *Id.* at 4:15-19.

**A.     Legal Standard**

Complaints filed in interpleader may be filed in a "judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397.  Pursuant to 28 U.S.C. § 1391(b), in an action not founded solely on diversity, venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  "A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis." *Italian Colors Restaurant v. American Express Co.*, 2003 WL 22682482 (N. D. Cal. November 10, 2003) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  A district court must make two findings under § 1404(a): (1) that the new venue is one in which the action might have properly been filed; and (2) that the convenience of the parties and witnesses and the interests of justice favor transfer of the action.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  The second consideration requires courts to weigh multiple factors, including

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99.  The party seeking the venue transfer has the burden of proving that the new venue is more appropriate than the original one.  *Commodities Future Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

///

**B.     Application to the Case at Bar**

Preliminarily, the Court notes that this action is not founded solely on diversity because MetLife filed it under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), a federal statute. The section of ERISA which mandates jurisdiction provides that an action filed in a federal district court may either "be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2).

   1.     Whether The Instant Action Could Have Been Brought in Colorado

Turning to the analysis under the *Hatch* factors, the Court finds that this action could have been brought in either California or Colorado. Zunich resides in the District of Colorado, (Dkt. #16), Bro lives in Salinas, which is in the Northern District of California, (Dkt. #24-1), and the policy at stake in the matter was issued and administered in the Northern District of California (Compl. ¶ 2; Defs.' Opp'n 4:15-19, Dkt. #24). Thus, under 28 U.S.C. §§ 1391(b) and 1397, and also under 29 U.S.C. § 1132(e)(2), it appears that venue is proper both in this district and in the District of Colorado.[2]

   2.     Whether Convenience and Justice Favor a Transfer

Under the second *Hatch* factor, the Court must consider whether convenience and justice favor a transfer. In her motion, Zunich argues that a change of venue is proper for the following reasons: (1) Montrose County is where Moore and Bessie Lee Moore lived and died; (2) Colorado is where the trustees of the Moore Family Trust, Bro and Anderson, met and carried out disbursement of the trust; (3) Zunich is unable to pay for an attorney and cannot afford to appear in court in person; and (4) Zunich and her husband are foster parents to five children between the ages of 5 and 17 who require child care to be administered by a licensed care-giver, which would cost $165 per

---

[2]There is only one district court in Colorado, and it is located in Denver. United States Courts, http://www.uscourts.gov/court_locator/CourtLocatorSearch.aspx?city=&state=CO&zip= (last visited October 14, 2010).

5

day.  (Dkt. #16.)

Opposing Defendants claim that because Zunich cannot afford to retain an attorney or appear in court, no matter where it is, that the forum should remain the same.  (Defs.' Opp'n 3:2-6, Dkt. #24.)  Opposing Defendants state that Anderson, Zunich's brother who lives in Oregon, has already appeared in this case and will be the main witness testifying on her behalf, and that Oregon is considerably closer to California than to Colorado.  *Id.* at 3:9-15.  Opposing Defendants argue that a change of venue to Colorado, while it may be more convenient to Zunich, would be a hardship on them because they would have to hire new counsel in Colorado after having already expended money to pay current counsel.  *Id.* at 3:22-26.  Opposing Defendants maintain that Zunich has failed to satisfy her burden of showing that a venue transfer is appropriate.  *Id.* at 11-14.

In her reply, Zunich maintains that her income is stretched to the limit and that she cannot afford to come to California.  (Reply 2:82-83, Dkt. #29.)  Zunich argues that she originally asked MetLife to file the action in Colorado, but it informed her it was filing in California because it was located there.  *Id.* at 3:102-104.

Zunich's arguments as to her personal preferences and hardships aside, the Court finds that she provides no evidence that her financial issues warrant a change of venue, to the inconvenience of all other Defendants and witnesses.  As the party seeking the venue transfer, she has the burden of proving that the new venue is more appropriate than the original one.  *Commodities Future Trading Commission*, 611 F.2d at 279.  Further, when considering the interests of justice factors listed in *Jones*, 211 F.3d at 498-99, the Court finds that a venue transfer is not appropriate.

First, the agreement at issue, the life insurance contract, was executed in California.  Thus, the first factor weighs in favor of venue remaining in the Northern District of California.

The second factor, the state most familiar with the governing law, is neutral, as this Court is not sitting in diversity but is deciding a case under ERISA.

Third, the Plaintiff's choice of forum is California, as MetLife filed suit here.  Accordingly, the third factor weighs in favor of the opposing Defendants.

The fourth factor, the respective parties' contacts with the forum, weighs in favor of the case

6

1  remaining in California. Three of the four opposing Defendants live here. Even though Zunich, her
2  brother and her husband (both witnesses), and Cunningham live outside of the state, the interpleader
3  statute contemplates such situations and expressly provides that venue is appropriate where any one
4  of the claimants resides. 28 U.S.C. § 1397.

5  The fifth factor, the contacts relating to the plaintiff's cause of action in the chosen forum, is
6  also neutral, as MetLife is no longer in the case.

7  The sixth factor, the differences in the costs of litigation in the two forums, also weighs in
8  favor of opposing Defendants. First, all documents relating to this action are located in the Northern
9  District of California, as MetLife is located here. Next, three out of five Defendants reside in
10 California, and Cunningham and Anderson live in Washington and Oregon, respectively; thus,
11 California is closer in distance for five involved parties than Colorado. Further, Bro attests that not
12 only will she lose income if the case is transferred to Colorado, but so will Knight and her husband,
13 and Jones, who lives on disability payments. (Bro Affidavit ¶¶ 4-7, Dkt. #24-1.) Bro attests that
14 Cunningham has guardianship of her two grandsons and cares for her husband who is physically
15 disabled, and that it would be more convenient and less costly to her if trial remained in California.
16 *Id.* at ¶ 7. Finally, Bro attests that opposing Defendants wish to continue to use the services of their
17 attorney, which they would not be able to do if venue was transferred; in that event, opposing
18 Defendants would be required to obtain counsel in Colorado at great additional cost to them. *Id.* at ¶
19 13.

20 The seventh factor, the availability of compulsory process to compel attendance of
21 unwilling non-party witnesses, appears to weigh in favor of the matter remaining in California. No
22 Defendant or potential witness has declared that he or she would be unwilling to appear in court
23 here. In fact, Zunich's husband submitted an affidavit in which he attests that it would take him
24 fifteen hours of travel each way to drive to California. He did not state that he would not appear,
25 just that it would be expensive.

26 Finally, the eighth factor, the ease of access to sources of proof, also weighs in favor of the
27 opposing Defendants, although not greatly. The pertinent documents are located here, and the
28

7

location of witnesses has been discussed above.

Accordingly, weighing all factors, the Court finds that a transfer of venue is not in the interests of justice.

### IV. CONCLUSION

Based on the foregoing, Zunich's motion to transfer venue is DENIED.

**IT IS SO ORDERED.**

Dated: October 22, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

METROPOLITAN LIFE INS,

        Plaintiff,

v.

ELIZABETH BRO et al,

        Defendant.

Case Number: CV10-01312 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carrie Zunich
P.O. Box 636
Nucla, CO 81424

Dated: October 22, 2010

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk